IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Nos. 15-19, 15-22 |
| | ) | Civil No. 16-1625 |
| SCOTT KULIKOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Conti, Chief District Judge.

I. Introduction

Defendant Scott Kulikowski ("Kulikowski") asks the court to vacate his conviction and five-year consecutive sentence pursuant to 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a crime of violence. Kulikowski, through counsel, filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255") on October 26, 2016, and filed a supplemental § 2255 motion on October 28, 2016. (ECF Nos. 125, 128).[1] The government filed a brief in opposition to the motions and Kulikowski filed a reply. (ECF Nos. 144, 148). On December 12, 2016, the court granted the government's motion to stay this case pending the Court of Appeals for the Third Circuit's decisions in two potentially dispositive cases. (ECF No. 134). The court takes judicial notice that those decisions were issued, *see United States v. Robinson*, No. 15-1402, 844 F.3d 137 (3d Cir. Dec. 19, 2016); *United States v. Galati,* No. 15-1609, 844 F.3d 152 (3d Cir. Dec. 19, 2016), and the motions are ripe for disposition. An evidentiary hearing is not necessary.

---

[1] The § 2255 motions are filed only at Criminal Number 15-22, although Kulikowski contemporaneously pled guilty to a cocaine conspiracy at Criminal Number 15-19. Unless specifically noted, all CM/ECF references are to Criminal Number 15-22.

Defendant's supplemental § 2255 motion incorporates the arguments made in the initial motion and adds allegations of ineffective assistance of counsel. The initial motion (ECF No. 125), will therefore be DENIED AS MOOT. In his reply brief, Kulikowski incorporated by reference each of the arguments made in the § 2255 motion filed by codefendant Christopher Levy ("Levy"). (*See* ECF No. 148 at 1-2). On June 13, 2017, the court issued a lengthy memorandum opinion and order in *United States v. Levy*, 2017 WL 2559627 (W.D. Pa. June 13, 2017), which denied Levy's § 2255 motion.[2]

II. Factual and Procedural Background

Law enforcement agents were in the midst of a long-term investigation when they intercepted a series of telephone calls in which Kulikowski, Levy and Raymond Kober ("Kober") planned to commit an armed robbery of an auto parts store on September 8, 2014. Kulikowski was aware, through his legitimate business as a tow truck driver, that the auto parts store kept large amounts of cash on the premises. Kulikowski selected Levy to commit the actual robbery so that Kulikowski would not be recognized by the victims. "All conspirators knew it was going to be an armed robbery." Presentence Investigation Report ("PSI") (ECF No. 87 ¶ 13). Agents apprehended Levy within blocks of the store on that date, and recovered a firearm from his car. Kulikowski called Levy's girlfriend immediately after the arrest and told her to delete incriminating text messages regarding the robbery conspiracy. *Id*. ¶ 14.

Kulikowski was charged in two separate criminal cases. At Criminal Number 15-19, Kulikowski was charged with a cocaine conspiracy. At Criminal Number 15-22, Kulikowski, Levy and Kober were charged in count one with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and Kulikowski and Levy were charged in count two with

---

[2] A copy of that memorandum opinion and order will be sent to Kulikowski.

possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Hobbs Act conspiracy count charged, in relevant part, that Kulikowski, Levy and Kober conspired to obstruct commerce by robbery, "by means of actual and threatened force, and violence and by placing [the victims] in fear of immediate and future injury to their persons and property." (ECF No. 39). The § 924(c) count charged that Kulikowski and Levy knowingly possessed a firearm "in furtherance of a crime of violence." *Id*.

Kulikowski and the government entered into a plea agreement in which Kulikowski agreed to plead guilty to a lesser included offense at count one of the indictment at Criminal Number 15-19 (conspiracy to possess with intent to distribute less than 500 grams of cocaine),[3] and counts one and two of the indictment at Criminal Number 15-22. Kulikowski waived his right to file a direct appeal, except in limited circumstances, but specifically reserved his ability to file an ineffective assistance of counsel claim. *Id*. ¶ A(8). The parties stipulated to an appropriate sentence as follows:

> Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of seven (7) years [two (2) years imprisonment at each of Count One of Criminal No. 15-19 and Count One of Criminal No. 15-22 to run concurrently with one another, and five (5) years imprisonment at Count Two of Criminal No. 15-22 to run consecutively thereto] . . . .

*Id*. at ¶ C(6). The parties agreed that "no other enhancements, departures or variances are applicable or appropriate." *Id*. The agreement reflected a downward variance because the advisory guideline range was 37-46 months' imprisonment plus the mandatory five-year consecutive sentence for possession of a firearm in furtherance of a crime of violence.

On July 6, 2015 (approximately two weeks after the Supreme Court's decision in *Johnson* on June 26, 2015), the court conducted a change of plea hearing. (Hearing Memo, ECF

---

[3] Although the cocaine conspiracy is a "drug trafficking crime," Kulikowski was not charged with possession of a firearm in furtherance of that offense.

No. 80). During the hearing, the prosecutor outlined the elements of each offense and provided the following summary of the evidence: police learned about the conspiracy to commit an armed robbery of an auto parts store through intercepted telephone calls in the course of a lengthy drug investigation; Kulikowski, through his legitimate employment as a tow truck driver, was familiar with the victim location and knew that large sums of cash were on the premises; Kulikowski prompted Levy to commit the actual armed robbery so as not to implicate himself; police stopped Levy on September 8, 2014, when he was two blocks away from the robbery location and recovered a firearm; calls both before and after the arrest indicated that all the conspirators, including Kulikowski, were aware that it was going to be an armed robbery and that Levy had a firearm in his possession for that purpose; soon after the arrest, Kulikowski was intercepted while asking Levy's girlfriend to destroy incriminating text messages relating to the robbery. (*See* Plea Hearing Transcript at 32-33) (*see also* PSI ¶ 14, to which Kulikowski did not object). Kulikowski agreed with the prosecution's summary of what he did and admitted that he had possession of the gun that was involved. *Id*. at 34. The court found that Levy's plea of guilty was knowing and voluntary and supported by an independent basis in fact on each element of the offenses. *Id*. at 36. At the sentencing hearing on October 16, 2015, the court accepted the parties' plea agreement and imposed the stipulated sentence. (ECF No. 99). Kulikowski did not pursue a direct appeal. His initial § 2255 motion was filed on October 26, 2016, more than one year after his judgment became final.

III. Legal Analysis

As more fully explained in the memorandum opinion denying the § 2255 motion filed by co-defendant Levy, the underlying conspiracy with respect to the attempt to commit robbery of the auto parts store on September 8, 2014 was a "crime of violence" and thus, Levy's

contemporaneous conviction for possession a firearm in furtherance of a crime of violence is lawful. (Crim. No. 15-22, ECF No. 151). In *Robinson*, the court of appeals explained: "[A]nalyzing a § 924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read together, necessarily support the determination that the predicate offense was committed with the 'use, attempted use, or threatened use of physical force against the person or property of another.'" 844 F.3d at 143. The court specifically noted in *Robinson* that courts may consider facts found by a jury and facts "admitted by the defendant in a plea." *Id*. In *Galati*, the court explained that under § 924(c), the government must prove only that a defendant "committed" a predicate crime of violence, but need not "charge" or "convict" the defendant of such an offense. 844 F.3d at 155. In *Galati*, as in *Robinson*, a firearm had been used and the use of that firearm indicated the use, attempted use or threatened use of physical force to establish that Galati committed a predicate crime of violence under the "elements" clause of § 924(c). *Id*.

Kulikowski's predicate offense and § 924(c) crime were "contemporaneous." Therefore, the court must look at "the record of all necessary facts before the district court" to determine the means by which the contemporaneous predicate offense was committed. *Robinson*, 844 F.3d at 141. The relevant facts are those admitted by Kulikowski in his guilty plea. *Id*. at 143. The record reflects that all conspirators, including Kulikowski, had knowledge and intent that Levy would commit an armed robbery with a gun. The conspirators took substantial steps to carry out the armed robbery by providing a gun and Levy drove toward the auto parts store on the day of the planned holdup. These actions constitute the crime of "attempt" even though Levy did not perform the "last act necessary" to complete the robbery because he was intercepted by police. Under the analysis mandated by the court of appeals in *Robinson* and *Galati*, the attempted robbery of the auto parts store was a predicate "crime of violence." That analysis applies equally

5

to Kulikowski. This opinion addresses the additional complication that Kulikowski did not accompany Levy in the attempted robbery of the auto parts store.

The mere fact that Kulikowski was not physically present with Levy in the car that day does not invalidate Kulikowski's § 924(c) conviction. If a defendant "actively participated in the underlying drug trafficking or violent crime **with advance knowledge that a confederate would use or carry a gun during the crime's commission,**'" he can be validly convicted under § 924(c) . *United States v. Styles*, No. 15-2629, 659 F. App'x 79, 83 (3d Cir. August 12, 2016) (quoting *Rosemond v. United States*, 134 S. Ct. 1240, 1243 (2014)) (emphasis added). The record in *Styles* established the "advance knowledge" element because the conspirators had discussed the use of a gun in advance; they packed a gun along with other supplies; and one confederate handed the gun to another while driving to the scene of the robbery. *Id*. Because a rational jury could conclude that Styles knew a gun would be used during the robbery, his conviction under § 924(c) was valid. *Id*.

In *Galati*, the defendant ("Galati") hired two hitmen to shoot his daughter's boyfriend in a murder-for-hire scheme. He was convicted of aiding and abetting the discharge of a firearm during a crime of violence under § 924(c), and conspiring to do the same. 844 F.3d at 152. Galati argued that his participation in the scheme was not a crime of violence and thus, his § 924(c) conviction must be vacated. The court of appeals rejected this argument, even though Galati was not physically present at the shooting. The court noted: "Galati's effort to cast his involvement in a scheme that ended with a man being shot as lacking the use of physical force is creative, but his arguments defy our recent precedent." *Id*. at 155. In *Galati*, as in *Robinson*, a firearm had been used and the use of that firearm indicated the use, attempted use or threatened use of physical force to establish that Galati committed a crime of violence under the "elements" clause of § 924(c). *Id*.

Several courts have upheld § 924(c) convictions for aiding and abetting possession of a firearm in furtherance of a crime of violence. *See United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) ("[A] defendant can be convicted of aiding and abetting a violation of § 924(c)(1) without ever possessing or controlling a weapon if the defendant's actions were sufficiently 'intertwined with, and his criminal objectives furthered by' the actions of the participant who did carry and use the firearm.") (quoting *United States v. Garth*, 188 F.3d 99, 113 (3d Cir. 1999)); *United States v. St. Jean*, 353 F. App'x 765, 768 (3d Cir. 2009) (defendant liable under § 924(c) when confederate brandished a firearm, even though he did not personally possess a weapon); *United States v. Gilliard*, 248 F. App'x 462, 464 (3d Cir. 2007) (affirming § 924(c) conviction of a defendant who acted as lookout and getaway driver while confederates used weapons during an attempted robbery).

It does not matter that Kulikowski was not specifically charged with aiding and abetting. In *Galati*, the court of appeals explained it was "irrelevant" whether or not a predicate offense was properly charged. 844 F.3d at 155. Under § 924(c), the government must prove only that a defendant "committed" a predicate crime of violence, but need not "charge" or "convict" the defendant of such an offense. *Id*. & n.9 (citing *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998)). In *Lake*, the court cited *United States v. Nelson*, 27 F.3d 199 (6th Cir. 1994), for the proposition that "while it is necessary for the government to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c)." *Id*. at 200 (collecting decisions). In *Galati*, the court explained: "Whether the matter was properly charged or not, the jury in this case found that Galati's participation in the murder-for-hire scheme resulted in personal injury." 844 F.3d at 155. The same principle applies when the relevant facts are admitted in a guilty plea. *Robinson*, 844 F.3d at 143.

7

The record in this case establishes that Kulikowski actively participated and had advance knowledge that Levy would possess a firearm during the robbery of the auto parts store. All the conspirators intended in advance that Levy would commit an armed robbery. Kulikowski closely followed Levy's activities on September 8, 2014, because he called Levy's girlfriend immediately after Levy's arrest, instructing her to delete incriminating text messages.

Similar § 2255 motions have been rejected in two recent decisions. In *United States v. Griffith*, No. 1:08-CR-073, 2017 WL 1078155, at *2 (M.D. Pa. Mar. 22, 2017), the court upheld a § 924(c) conviction, even though there was a dispute about whether Griffith possessed a firearm during the bank robberies. Based upon the government's summary of the events at the change of plea hearing, Griffith was aware that his confederates possessed and brandished guns during the bank robbery predicate offenses. The court commented that "as an aider and abettor, he was as culpable as those who had guns." *Id*. at *2. In *United States v. Greer*, No. 10-711-01, 2017 WL 1020999 (E.D. Pa. Mar. 16, 2017), the court upheld Greer's § 924(c) conviction where two co-conspirators went into an office and pointed guns during a robbery, even though Greer was not present.

In summary, Kulikowski is equally liable as Levy under § 924(c), even though he did not physically possess the firearm and was not present at the scene. Kulikowski's § 924(c) conviction and sentence is valid under the "elements" clause.

B. Ineffective Assistance of Counsel

In the plea agreement, Kulikowski specifically preserved his right to file a claim of ineffective assistance of counsel. Those claims are analyzed under the familiar framework set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

Kulikowski's motion can be decided on the "prejudice" prong. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Kulikowski suffered no prejudice due to alleged ineffective assistance of counsel because the result of this proceeding would not have been different. As explained above, Kulikowski's § 924(c) conviction is valid and his five-year consecutive sentence is appropriate. By virtue of the plea agreement, Kulikowski sentence is below the otherwise-applicable guideline range. In summary, his claim of ineffective assistance of counsel is DENIED.

IV. Conclusion

In sum, under the applicable precedential decision law, the court is constrained to conclude that the supplemental § 2255 motion filed on Kulikowski's behalf (ECF No. 128) must be DENIED.

V. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination as to whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals will remand the case to the district court for a prompt determination

as to whether a certificate should issue. *See* 3rd Cir. LAR 22.2. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); 28 U.S.C. § 2253.

No showing has been made that jurists of reason would find the issues implicated by Kulikowski's physical absence from the scene to be debatable. A certificate of appealability on the issues addressed in this opinion, therefore, will be denied. The denial of a certificate of appealability in the *Levy* decision applies equally to Kulikowski.

An appropriate order will be entered.

June 14, 2017

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Nos. 15-19, 15-22 |
| | ) | Civil No. 16-1625 |
| SCOTT KULIKOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 14th day of June, 2017, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that the motion filed by defendant Scott Kulikowski pursuant to 28 U.S.C. § 2255 (ECF No. 125) is DENIED AS MOOT; and his supplemental § 2255 motion (ECF No. 128) is DENIED. A certificate of appealability is denied.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge